# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| AMY SHEPARD, | ) | |
| | ) | |
| MARISSA MOFFATT | ) | |
| | ) | |
| JANE DOE 1, JANE DOE 2, | ) | |
| JANE DOE 3, JANE DOE 4, | ) | |
| JANE DOE 5, JANE DOE 6, | ) | |
| JANE DOE 7, and JANE DOE 8 | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.   6:26-cv-03310-DPR |
| | ) | |
| MERCY HOSPITAL SPRINGFIELD | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiffs, by and through counsel, for their Complaint against Defendant Mercy Hospital Springfield, state as follows:

### I. INTRODUCTION

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. Plaintiffs were employees of Defendant Mercy Hospital Springfield

1

during the implementation of Defendant's COVID-19 vaccination policy in 2021.

3. Plaintiffs held sincere religious beliefs that conflicted with receiving the COVID-19 vaccine.

4. Plaintiffs requested religious accommodations from Defendant.

5. Defendant denied many of those requests, imposed burdensome conditions on certain employees who received limited accommodations, and subjected Plaintiffs to adverse employment actions because of their religious beliefs and protected activity.

6. Plaintiffs seek damages and all other relief permitted under federal law.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, including Title VII of the Civil Rights Act of 1964.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred within the Western District of Missouri, Southern Division.

9. Defendant conducts substantial business within this District.

10. Plaintiffs have exhausted administrative remedies to the extent

2

required by law and have received Notices of Right to Sue from the Equal Employment Opportunity Commission, where applicable.

### III. PARTIES

11. Plaintiff Marissa Moffatt is an adult resident of the State of Missouri and was employed by Defendant during the relevant period.

12. Plaintiff Amy Shepard is an adult resident of the State of Missouri and was employed by Defendant during the relevant period.

13. Plaintiffs Jane Doe 1 through Jane Doe 8 are adult residents of the State of Missouri who were employed by Defendant during the relevant period.

14. Defendant Mercy Hospital Springfield is a healthcare employer operating in Springfield, Missouri, and at all relevant times employed more than fifteen employees within the meaning of Title VII.

### IV. FACTUAL ALLEGATIONS

15. In or around July 2021, Defendant announced a policy requiring employees to receive a COVID-19 vaccination as a condition of continued employment.

16. Defendant established a deadline of September 30, 2021, for compliance with the vaccination requirement.

17. Employees who did not comply with the vaccination requirement

3

were subject to discipline, suspension, termination, or other adverse employment action.

18. Plaintiffs each held sincere religious beliefs that conflicted with receiving the COVID-19 vaccine.

19. Plaintiffs communicated their religious beliefs and requested accommodations from Defendant.

20. Defendant denied many of Plaintiffs' accommodation requests.

21. In certain instances, Defendant imposed masking and testing requirements on employees who received limited accommodations.

22. Plaintiffs allege that these requirements visibly distinguished employees who sought religious accommodations from vaccinated employees and subjected them to stigmatization and differential treatment in the workplace.

23. Plaintiffs further allege Defendant failed to engage in a meaningful individualized assessment or interactive process regarding accommodation requests.

24. Several Plaintiffs were terminated, suspended, pressured to resign, or otherwise adversely affected because of their religious beliefs or accommodation requests.

25. Plaintiff Marissa Moffatt alleges she was initially granted a

4

pregnancy-related exemption but was later denied the opportunity to obtain a religious accommodation and subsequently terminated.

26. Plaintiff Amy Shepard alleges she received a religious accommodation subject to masking and testing requirements and was later terminated following denial of a religious exemption request related to an influenza vaccination requirement.

27. Plaintiff Jane Doe 1 alleges she requested a religious accommodation, was denied, suspended without pay, and later terminated.

28. Plaintiff Jane Doe 2 alleges Defendant denied her religious accommodation request after questioning the adequacy of her religious explanation.

29. Plaintiff Jane Doe 3 alleges she was denied a religious accommodation and later subjected to retaliation after expressing concerns regarding the vaccination policy.

30. Plaintiff Jane Doe 4 alleges she was denied a religious accommodation and terminated for noncompliance with the vaccination policy.

31. Plaintiff Jane Doe 5 alleges she was denied a religious accommodation and subjected to differential masking requirements.

32. Plaintiff Jane Doe 6 alleges she requested and was denied a religious

5

accommodation.

33.     Plaintiff Jane Doe 7 alleges Defendant questioned the sincerity of her religious beliefs in connection with her accommodation request.

34.     Plaintiff Jane Doe 8 alleges she requested and was denied a religious accommodation.

35.     As a direct and proximate result of Defendant's actions, Plaintiffs suffered lost wages, lost benefits, emotional distress, and other damages.

## COUNT I

## RELIGIOUS DISCRIMINATION AND FAILURE TO ACCOMMODATE

**(Violation of Title VII of the Civil Rights Act of 1964)**

36.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

37.     Plaintiffs held sincere religious beliefs that conflicted with Defendant's vaccination requirements.

38.     Defendant was aware of Plaintiffs' religious beliefs and accommodation requests.

39.     Defendant failed to reasonably accommodate Plaintiffs' sincerely held religious beliefs.

40.     Defendant subjected Plaintiffs to adverse employment actions,

including termination, suspension, disparate treatment, retaliation, and denial of employment opportunities because of Plaintiffs' religion and requests for accommodation.

41. Defendant's conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In *Jeune v. UMass Memorial Health Care System*, 270 N.E.3d 105 (2005), the Appeals Court of Massachusetts held the plaintiff's statements that her 'body is the temple of God' and that she received a 'distinctive message from my God' after prayer not to receive the Covid -19 vaccine could be considered religious in nature by a trier of fact. In the case, Plaintiff Rachelle Jeune worked as a surgical technician at UMass Memorial HealthAlliance-Clinton Hospital. Those employees granted accommodations would be required to "(i) wear an approved N95 respirator as well as full eye protection in any [subject hospital] building at all times (ii) eat all meals in a socially distanced manner; and (iii) undergo frequent Covid -19 testing.

42. Plaintiff requested a religious exemption, stating her body was 'the temple of God' Defendant hospital denied her request. The Appeals Court of Massachusetts found a trier of fact could determine Jeune's beliefs were religious in nature, citing similar federal cases where courts held that beliefs about the body as a temple of God and divine guidance through prayer

constituted religious beliefs. The Court noted Defendant hospital failed to provide evidence of undue hardship.

43. Case law from the Federal appellate courts establishes that the reasons given in plaintiffs' request could be considered religious by a trier of fact. In *Thornton v. Ipsen Biopharms, Inc.*, 126 F.4th 76, 82 (1st Cir. 2025), the plaintiff stated she was "created in [God's] image and defying what he has created is a sin and morally wrong…" The United States Court of Appeals for the First Circuit held in that case that "[these] allegations, and the inferences that we must draw therefrom, plausibly support that some aspect of the accommodation request is based on her religious observance, practice, or belief. *Id.* The court also held that, where the plaintiff "alleges that prayer is one of the ways in which she 'follow[s] God's word' – including commandment not to defile one's body[,]… she has plausibly alleged that her belief that the vaccine would defile her body is not an 'isolated moral teaching,' but rather is part of a 'comprehensive system of beliefs about fundamental or ultimate matters' that the plaintiff articulated." *Id* at 83.

44. Other circuit cases are in accord. In *Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 471 (4th Cir. 2025), the plaintiff alleged that "(1) 'it would be sinful for her to engage with a product such as the vaccination after having been instructed by God to abstain from it; (2) her 'religious reasons for declining the

Case 6:26-cv-03310-MBB    Document 1    Filed 05/29/26    Page 8 of 13

covid vaccinations … were based on her "study and understanding of the Bible and personally directed by the true and living God"; and (3) receiving the vaccine would be sinning against her body, which is a temple of God, and against God himself." The court held that these allegations, if substantiated, "are essential part of a religious faith' that 'must be given great weight, and are plausibly connected with her refusal to receive the COVI-19 vaccine. *Id.*

45.     In *Sturgill v. American Red Cross*, 114 F.4th 803, 808 (6th Cir. 2024) the plaintiff stated that "she makes 'daily decisions … through prayer and by reading scripture" and, "My body is the temple of the Holy Spirit, and taking Covid-19 vaccine, would be defiling my body." The court summarized this as that the plaintiff "alleges that she prayed about whether to take the Covid-19 vaccine and concluded that not taking it would 'honor God and the temple he gave [her]" *Id*. The court held that "these 'allegations were almost self-evidently enough to establish, at the pleadings stage, that her refusal to receive the vaccine was an "aspect" of her religious observance or belief.'" *Id*.

46.     In *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1009 (7th Cir. 2024), one plaintiff's "statement connects her objection to vaccination with her Christian beliefs regarding the sanctity of the human body," and the other plaintiff "expressly stated her Christian belief that the body is a 'temple of the Holy Spirit' in tandem with concerns about the potentially harmful effects of the

9

vaccine." The court held that "both exemption requests are based on their face and at least in part on a dimension of the plaintiffs' religious beliefs." *Id*.

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs suffered damages including lost wages, emotional distress, humiliation, inconvenience, and other compensable injuries.

## COUNT II

## RETALIATION

### (Violation of Title VII of the Civil Rights Act of 1964)

42. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

43. Plaintiffs engaged in protected activity by requesting religious accommodations and opposing practices they believed to be discriminatory.

44. Defendant subjected certain Plaintiffs to adverse employment actions after they engaged in protected activity.

45. Defendant's retaliatory conduct violated Title VII of the Civil Rights Act of 1964.

46. As a result of Defendant's conduct, Plaintiffs suffered damages.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Enter judgment in favor of Plaintiffs and against Defendant;

10

B. Award backpay, front pay, lost benefits, and all available economic damages;

C. Award compensatory damages in an amount to be determined at trial;

D. Award punitive damages as permitted by law;

E. Award attorneys' fees, litigation expenses, and costs;

F. Award pre-judgment and post-judgment interest;

G. Grant such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Kristi S. Fulnecky*
Kristi S. Fulnecky, MO Bar# 59677

FULNECKY LAW, LLC
2627 W. Republic Rd. Suite A-108
Springfield, MO 65807
Phone No. 417-882-1044
Kristi@fulneckylaw.com

ATTONERY FOR THE PLAINTIFFS

VERIFICATION

AMY SHEPARD, Plaintiff

State of Missouri )
) ss.
County of Greene )

Amy Shepard____, of lawful age, being duly sworn on her oath, states that she is the Plaintiff

named above and that the facts stated in the petition are true according to her best knowledge and belief.

Subscribed and sworn to before me this 20 day of June, 2025.

My commission expires:

6/27/2028

Notary Public

Jenny Tune
Notary Public, Notary Seal
State of Missouri
Lawrence County
My Commission Expires 6/27/2028
Commission # 20373728



**VERIFICATION**

Marissa Moffatt, Plaintiff

State of Missouri )
)        ss.
County of Greene )
Marissa Moffatt , of lawful age, being duly sworn on her oath, states that she is the Plaintiff named above and that the facts stated in the petition are true according to her best knowledge and belief.

Subscribed and sworn to before me this 20 day of June , 20 25.

My commission expires:

6/27/2028

_____
Notary Public

Jenny Tune
Notary Public, Notary Seal
State of Missouri
Lawrence County
My Commission Expires 6/27/2028
Commission # 20373728