# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

AMY SHEPARD, et al, )
)
Plaintiffs, )
)
v. ) Case No.: 6:26-cv-03310-MBB
)
MERCY HOSPITAL SPRINGFIELD, )
)
)
Defendant. )

## ORDER

This putative class action is brought by Plaintiffs Amy Shepard, Marissa Moffatt, and eight Jane Does on behalf of themselves and—presumably—other members of an asserted class ("Plaintiffs"). (**Doc. 1**; **Doc. 2**). Plaintiffs bring this action under Title VII of the Civil Rights Act of 1964 against their former employer, Defendant Mercy Hospital Springfield ("Defendant"). (**Doc. 1**). Plaintiffs allege Defendant violated Title VII for failing to accommodate their sincerely held religious beliefs and retaliating against them for those beliefs. (*Id.* at pp. 6-11). They allege Defendant subjected them to adverse employment action, including termination, after they refused to comply with Defendant's COVID-19 vaccination policy due to their sincerely held religious beliefs. (*Id.* at pp. 1-14).

The action is before the Court on two motions. The first is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (the "Rule 12(b)(6) Motion"). (**Doc. 6**). Defendant argues the Plaintiffs failed to state a claim because the Plaintiffs provided no "*proof* that [they] obtained a Notice of Right to Sue Letter from the EEOC[.]" (**Doc. 7**, p. 3) (emphasis added). The second is Plaintiffs' Motion for Certification of Class that seeks certification under a state court procedural rule, Missouri Court Rule 52.08. (**Doc. 2**). The Court DENIES both motions.

1

**Discussion**

Plaintiffs were not required to attach EEOC right to sue letters to their complaint to prove exhaustion of administrative remedies or that the complaint was timely filed. The statement in Plaintiffs' complaint that Plaintiffs received EEOC right to sue letters is sufficient. And Plaintiffs have not demonstrated that class certification is required under Federal Rule of Civil Procedure 23.

**I.      Rule 8 requires a "statement" Plaintiffs received EEOC right to sue letters, not "proof."**

Defendant argues that Plaintiffs "must submit a copy of [the EEOC right to sue letter(s)] so the Court can" determine whether the complaint complies with exhaustion and timeliness requirements. (**Doc. 7**, pp. 3-4). Plaintiffs contend "the operative question at the Rule 12(b)(6) stage is whether the complaint plausibly alleges exhaustion [and timeliness], not whether the plaintiff has attached documentary evidence . . . to the pleading." (**Doc. 9**, p. 8). They direct the Court to the following allegation in the Complaint: "Plaintiffs have exhausted administrative remedies to the extent required by law and have received Notices of Right to Sue from the Equal Employment Opportunity Commission, where applicable." (**Doc. 9**, p. 8; **Doc. 1**, pp. 2-3).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Id.*** The complaint "does not need detailed factual allegations." ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 545 (2007). But "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." ***Id.*** "[L]abels and conclusions, and a formulaic recitation of a cause of action's elements will not do." ***Id.***

2

Federal Rule of Civil Procedure 8 requires a "statement of the claim, . . . evidence of the claim is *not* required." ***Berk v. Choy***, 607 U.S. 187, 193 (2026). Courts "cannot consider 'matters outside the pleadings.'" ***Id.***, *quoting* FED. R. CIV. P. 12(d). A complaint can "satisfy[y] this standard . . . 'even if it strikes a savvy judge that actual proof of the facts alleged is improbable.'" ***Id.***, *quoting **Twombly***, 550 U.S. at 556. "By design, this system of pleading makes it relatively easy for plaintiffs to subject defendants to discovery—even for claims that are likely to fail." ***Id.*** at 194.

Here, Plaintiffs sufficiently alleged factual matter that establishes Plaintiffs received EEOC notice of right to sue letters. Specifically, Plaintiffs alleged they "have exhausted administrative remedies to the extent required by law and have received Notices of Right to Sue from the Equal Employment Opportunity Commission, where applicable." (**Doc. 1**, pp. 2-3). Plaintiffs were not required to provide "proof" of receipt of the letters by attaching the letters to the complaint to survive a motion to dismiss. *See **Berk***, 607 U.S. at 193. At this stage, Plaintiffs do not have a burden to provide "proof" they exhausted their administrative remedies. *See **Miles v. Bellfontaine Habilitation Center***, 481 F.3d 1106, 1107 (8th Cir. 2007) ("failure to exhaust administrative remedies is an affirmative defense that a defendant must prove"). Nor must Plaintiffs prove the action is timely. *See **Weatherly v. Ford Motor Co.***, 994 F.3d 940, 942-43 (8th Cir. 2021) ("[T]he possible existence of a limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." (quotation omitted)). Defendant cites to no controlling authority directing otherwise. And the Court does not review Defendant's exhibit.[1]

---

[1] Defendant attached to the Rule 12(b)(6) Motion an EEOC right to sue letter that was issued to Plaintiff Marissa Moffatt on April 2, 2025. Defendant says, as to Plaintiff Moffatt, the 90-day statute of limitations expired on July 4, 2025. (**Doc. 7**, p. 4). Defendant argues this action is time-barred because Plaintiff Moffatt filed her complaint on May 29, 2026. (***Id.***; **Doc. 1**). Plaintiffs say, "the Court cannot resolve disputed questions about actual receipt [of the letter(s)] against the

*See **Levy v. Ohl***, 477 F.3d 988, 991 (8th Cir. 2007) ("Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion." (quotation omitted)).

The Plaintiffs' claims may be "likely to fail," and "actual proof of the facts alleged" may be "improbable." *See **Berk***, 607 U.S. at 193-94. Nonetheless, Rule 8 only requires a "statement," which was provided here. *See **id.*** at 193; ***Brooks v. Midwest Health Grp.***, 655 F.3d 796, 801 (8th Cir. 2011) ("the statement in [the plaintiff's] complaint that she 'timely filed charges of Employment Discrimination before the US EEOC' was sufficient to meet the liberal pleading standard of Rule 8(a).").

## II.      Plaintiffs have not demonstrated a class should be certified under Rule 23.

"A plaintiff bears the initial burden of showing that the class should be certified under Rule 23." ***Day v. Celadon Trucking Servs., Inc.***, 827 F.3d 817, 831 (8th Cir. 2016). "To be certified as a class, plaintiffs must meet all of the requirements of Rule 23(a) and must satisfy one of the three subsections of Rule 23(b)." ***In re St. Jude Med., Inc.***, 425 F.3d 1116, 1119 (8th Cir. 2005). Rule 23(a) requires "numerosity, commonality, typicality, and fair and adequate representation." ***Day***, 827 F.3d at 831, *citing* **FED. R. CIV. P. 23(a)**. Rule 23(b)(3) applies when "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." **FED. R. CIV. P. 23(b)(3)**.

Here, Plaintiffs' motion is a mere three pages. *See* (**Doc. 2**). The motion was not accompanied by suggestions in support. *See* **Local Rule 7.0(a)**. Plaintiffs concede they

---

pleader" "[a]t the Rule 12(b)(6) stage[.]" (**Doc. 9**, p. 4). The parties also argue at length about whether the statute of limitations has expired. (**Doc. 9**, pp. 4-7; **Doc. 10**, pp. 3-5). The Court does not reach these issues on a motion to dismiss.

erroneously cited a state court procedural rule. *See* (**Doc. 9**, pp. 9-10). Plaintiffs never reference

Rule 23. *See* (***id.***). On this bare of a record, Plaintiffs have not demonstrated a proposed class

should be certified under Rule 23. The Court DENIES Plaintiffs' Motion for Certification of Class

without prejudice. *See* **FED. R. CIV. P. 23(c)(1)(C)**; ***Cody v. City of St. Louis***, 103 F.4th 523, 529

(8th Cir. 2024) (Rule 23(c)(1)(C) "allows for multiple bites at the apple" (quotation omitted)).

### Conclusion

The Court DENIES Defendant's Motion to Dismiss pursuant to Rule 12(b)(6). (**Doc. 6**).

And Plaintiffs' Motion for Certification of Class is DENIED without prejudice. (**Doc. 2**).

**IT IS SO ORDERED.**

*s/ Megan Blair Benton*
MEGAN BLAIR BENTON, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 3, 2026.

5